UNITED STATES of America,
Plaintiff-Appellee,

v.

Orville Alvin KOZLOSKI, Defendant-Appellant.

No. 71–2168.

United States Court of Appeals,
Ninth Circuit.

Dec. 17, 1971.

PACE COMPANY, Division of AMBAC
Industries, Plaintiff-Appellee,

v.

Stanley RESOR, Secretary of the Army,
et al., Defendant-Appellant.

PACE COMPANY, Division of AMBAC
Industries, Plaintiff-Appellee,

v.

MAXSON ELECTRONICS CORPORA-
TION, Intervenor-Defendant-
Appellant.

Nos. 71-1974, 71-1975.

United States Court of Appeals,
Sixth Circuit.

Dec. 9, 1971.

Certiorari Denied March 6, 1972.
See 92 S.Ct. 1192.

Paul H. Lamboley, Reno, Nev., for defendant-appellant.

Bart M. Schouweiler, U. S. Atty., Raymond B. Little, Asst. U. S. Atty., Reno, Nev., for plaintiff-appellee.

Before MERRILL, BROWNING and CHOY, Circuit Judges.

PER CURIAM:

Appellant appeals from a judgment of conviction of interstate transportation of a stolen motor vehicle in violation of 18 U.S.C. §§ 2 and 2312. He contends that the District Court abused its discretion by refusing to grant his motion for severance and separate trial under Rule 14 of the Federal Rules of Criminal Procedure. At the hearing on his motion appellant argued, without the support of any evidence, that he would be prejudiced at trial by the generally poor quality of his codefendant as a witness and because a hostility had developed between the codefendant and himself. We find no abuse of discretion in denying the motion.

After the trial appellant filed a motion for new trial based in part on the allegation that he had indeed been prejudiced because of these factors. We find neither prejudice nor error.

Affirmed.